Municipio de Ponce, Demandante y Apelante, *v.* Solís, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en causa sobre demolición de propiedad.

No. 1395.—Resuelto en junio 13, 1916.

Perturbación—Estorbo—Estorbo Público (Public Nuisance)—Alegaciones de la Demanda—Causa de Acción.—La sola alegación en una demanda de que los hechos expuestos en ella constituyen estorbo público (*public nuisance*) no es la exposición de hechos que determina la causa de acción por dicho estorbo público.

Id.—Id.—Estorbo Privado (Private Nuisance)—Daños y Perjuicios.—En un estorbo público (*public nuisance*) el daño, inconveniente o perjuicio debe ser análogo si no mayor que el del estorbo privado (*private nuisance*) ya que generalmente afecta a un número mayor de personas.

Id.—Id.—Infracción de Ordenanzas Municipales—Reparación de Edificios.—La mera infracción de una ordenanza municipal haciendo adiciones, reparaciones o construcciones en una casa en exceso de la licencia concedida por el municipio no constituye un estorbo público.

Injunction — Reparación de Edificios — Permiso, Abuso o Extralimitación de.—Puede concederse el remedio de *injunction* para impedir la adición, reparación o construcción de un edificio. por el abuso o extralimitación del permiso concedido al solicitante por las autoridades sanitarias o municipales.

Id.—Reparaciones Terminadas—Perjuicio—Mala Fe—Infracción de Ordenanzas Municipales—Reglamentos Sanitarios.—Es improcedente el re-

medio extraordinario de *injunction* cuando terminado de construir, reparar o adicionar un edificio en exceso del permiso dado por las autoridades sanitarias o municipales, no se demuestra perjuicio, mala fe, o que la casa misma infrinja alguna ordenanza municipal o reglamento sanitario.

BUENA FE—FALTA DE PRUEBA EN CONTRARIO—PRESUNCIÓN.—No solamente se presume la buena fe, sino que, a falta de prueba clara en contrario, debe tenerse como un hecho cierto.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Alfonso Lastra Charriez* y *Nemesio R. Canales.*

Abogado del apelado: *Sr. Francisco Parra.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La teoría que sostiene la demanda en este caso era la de que el demandado, en exceso de la licencia que le fué dada por el municipio, hizo adiciones o construcciones en su casa creando así un estorbo público (*public nuisance*), por lo que fué solicitado un *injunction.* Expresa la demanda entre otras cosas, que el demandado había sido declarado culpable por infracción de las ordenanzas municipales relativas al particular, y que dicho demandado despectivamente no ha hecho caso de estas condenas y continuó construyendo su casa; que dicha construcción era un estorbo público (*public nuisance*), y que por razón de tal construcción ilegal el municipio demandante quedó privado de hacer valer las facultades que tiene para hacer cumplir las ordenanzas, perdiendo asimismo la fuerza moral y respeto de la comunidad. No se alegaron otros hechos en la demanda tendentes a demostrar el estorbo público. Decir en una demanda que los hechos referidos en ella constituyen estorbo público no es la exposición de hechos que constituye la causa de acción por dicho estorbo público. No discutiremos todas las razones técnicas respecto a qué persona o personas tienen derecho a establecer una acción para hacer desaparecer un estorbo público, pues con leer la demanda estamos convencidos de que jamás podría ser sostenida basada en la teoría de un estorbo público. Recientemente tuvimos ocasión de discutir algunas de las cualidades esenciales de un estorbo particular (*private nuisance*); *Gier-*

*bolini* v. *Sucesión Rodríguez,* 23 D. P. R. 870 y *Colls* v. *Municipio de Lares,* 23 D. P. R. 866; y en un estorbo público debe ser parecido, si no mayor, el daño, inconveniente, o perjuicio que generalmente afecta a un número mayor de personas.

El demandado contestó, el caso fué a juicio y la corte denegó el *injunction,* contra cuya providencia fué interpuesta esta apelación. No se presentaron hechos nuevos en el juicio que establezcan un perjuicio público. Hubo prueba tendente a demostrar que el demandado se excedió del permiso para edificar o construir que le fué dado por el municipio. El apelante dice en su alegato que el edificio terminado podría exponer a la municipalidad a la acción de los propietarios de casas y solares adyacentes, puesto que la casa del demandado fué construída sin sujeción a ninguno de los requisitos que exige la higiene u ornato municipal. Pero no apareció de la demanda o del juicio que el demandado había ejecutado alguna cosa o dejado de cumplir con algún deber que pudiera dar a sus vecinos cualquier derecho de acción contra él. La mera infracción de una ordenanza municipal no constituye un estorbo público.

La demanda, sin embargo, tal vez está sujeta a ser interpretada en el sentido de que la acción fué establecida para impedir una infracción de una ordenanza municipal, o a una interpretación semejante. La contestación del demandado y la prueba ofrecida en el juicio sostienen este parecer. El apelante, aunque tratando de justificar la existencia de un estorbo público, insistió en que la cuestión principal es si el demandado se había o no excedido del permiso que le fué dado para construir por el municipio. Aunque no se emitió opinión en los autos hay lo suficiente para que parezca probable que la corte consideró el caso desde este punto de vista. En otras palabras, suponemos que la corte denegó el *injunction* porque consideró que el apelante había dejado de establecer un caso suficiente para que fuera procedente ese remedio extraordinario.

Hubo prueba en el juicio tendente a probar que deseando Juan Solís hacer cambios en su casa fué primero donde el jefe local del servicio de sanidad y obtuvo un permiso para hacer reparaciones que consistían en cambiar los pisos y setos de dicha casa y dotarla de ventilación permanente en las puertas y ventanas interiores y exteriores, construirle una letrina sanitaria de acuerdo. con los planos del departamento de sanidad, y anexarle una casita que tenía en el patio. Entendemos que las ordenanzas municipales requieren la autorización previa de los funcionarios de sanidad antes de dársele permiso a un solicitante para construir. Sea esto. como fuere, el permiso así concedido fué presentado a las autoridades municipales junto con la solicitud para hacer reparaciones. El permiso dado al demandado por el municipio era únicamente para reparar su casa y no le daba facultad para adicionar un piso a la misma.

El demandante presentó en el juicio prueba tendente a mostrar que el demandado adicionó un piso enteramente nuevo a su casa y que la casa como quedó terminada era un edificio completamente nuevo. Creemos que el apelante, por lo menos técnicamente, tiene razón en decir que el demandado realmente se extralimitó en la facultad que le fué conferida por el municipio. También nos inclinamos a creer que si el apelante hubiera hecho a su debido tiempo una solicitud para impedir la construcción por el abuso de dicha facultad, hubiera podido concederse debidamente un auto de *injunction.*

Por otra parte no hay prueba satisfactoria, si alguna existe, de mala fe. No solamente se presume la buena fe, sino que después de la conclusión general de la corte en favor del demandado dicha buena fe a falta de prueba clara en sentido contrario debe tenerse como un hecho cierto. El apelado obtuvo un permiso de las autoridades de sanidad para hacer amplias reparaciones que presentó a las autoridades municipales en unión de su solicitud para obtener de estas últimas el permiso. Presentó sus planos a las autoridades sanitarias y no solamente no hicieron éstas objeción a la

construcción sino que existen indicaciones en los autos de que la casa fué puesta a prueba de ratas y que se hicieron otras cosas para dejarla toda en excelente condición.

Se ha admitido que la casa está terminada y en el juicio no se presentó ningún hecho que nos convenza de que el edificio terminado infrinja alguna ordenanza municipal.

Aun cuando pudiera suponerse, como indica el apelante, que el apelado engañó a las autoridades municipales, esto no obstante, no demostrándose que el resultado era perjudicial en alguna forma, dudaríamos si debe concederse un *injunction.* Sin embargo, no se demostró la mala fe y aunque convenimos con el apelante en que el derecho a hacer reparaciones no comprende el derecho a construir un nuevo edificio, creemos, sin embargo, que el apelado, en vista de las amplias reparaciones sugeridas por las autoridades sanitarias podría creer fácilmente que tenía derecho a seguir adelante y adicionar otro piso. Las cuestiones de sanidad han desempeñado necesariamente un papel importante en esta isla.

No vemos que existan razones para la expedición de un auto de *injunction* y debe confirmarse la providencia apelada.

*Confirmada, la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.